## Jordan, Appellant, *v.* Patrick.

*Partnership—Special partners—Act of April* 6, 1870, *P. L.* 56.

Where two persons under an agreement in writing lend money to a third to be used in the latter's business, and agree to take in lieu of interest a specified share of the profits, and such persons do not hold themselves out as partners, nor participate in the management of the business, they cannot be held liable as general partners because the third person used the words "and company" after his name, and told a creditor that the other persons were his partners.

Argued Oct. 29, 1903.    Appeal No. 93, Oct. T., 1903, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1901, No. 685, refusing to take off nonsuit in case of John Jordan v. W. E. Patrick and W. N. Murray, surviving partners of W. E. Patrick & Company.    Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Assumpsit against W. E. Patrick, W. N. Murray and Theodore R. Hostetter, alleged to be copartners in the brokerage business, for money had and received.    Before FRAZER, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, FRAZER, P. J., filing the following opinion:

This was an action to recover against the defendants as copartners.    The defendant, Theodore Hostetter, having died since the suit was begun, the jury was sworn only as to the other defendants, W. E. Patrick and W. N. Murray.    The evidence showed that the defendants, Hostetter and Murray, on March 7, 1897, under an agreement in writing, each loaned to Patrick the sum of $5,000, to be used by him in carrying on the brokerage business; "they to receive in lieu of interest thereon two thirds of the net profits derived from said brokerage business, as provided for by the act of assembly, approved April 6, 1870; the business to be conducted under the name and style of W. E. Patrick & Company, Brokers, etc., and neither the said Murray nor Hostetter are to be held out as partners therein, nor are they to take any part in the management thereof."    This agreement was to continue in force one

year. At the expiration of one year a new agreement for another year, also in writing, was entered into and signed by the parties, wherein Murray and Hostetter each loaned to Patrick, for the purpose of increasing the capital used in his brokerage business, the sum of $20,000, they to receive in lieu of interest two thirds of the net profits derived from the business. This agreement also provided that the business was to be conducted under the name and style of " W. E. Patrick & Company, Brokers, etc.," and that neither Murray nor Hostetter was to be held out as partners with Patrick, nor were they to take any part in the management of the business. The business venture proved disastrous, and the entire amount invested by Murray and Hostetter was lost before the expiration of the agreement on March 7, 1899. In the summer of either 1898 or 1899, Patrick opened a branch office for carrying on the brokerage business at Sharon, Pennsylvania, W. M. Williams being in charge of that office ; that at the time the office was opened, plaintiff was informed by Williams that Murray and Hostetter were partners of Patrick. Patrick also, some time later, made the same statement to plaintiff. Plaintiff, however, never had any conversation with either Murray or Hostetter, and it does not appear that either of them had any knowledge whatever of the statements made by Williams and Patrick to plaintiff.

In February, 1900, plaintiff began to purchase stocks on margins through the Sharon Agency of Patrick & Company, and continued to do so until about the first of November of that year, when Patrick & Company failed. Plaintiff between these dates having paid to Patrick between $5,000 and $6,000 as margins to " keep good " his purchases. At the time of Patrick's failure, plaintiff offered to take and pay for the stocks he had purchased from him. Patrick, however, was unable to make delivery. This action was then brought against Patrick, Murray and Hostetter as general partners, to recover from them the value of the stocks upon which plaintiff had paid margins ; the plaintiff contending at the trial that defendants should be held to be general partners (1) for permitting the business to be carried on under the name and style of " W. E. Patrick & Company, Brokers, etc." and (2) because the provisions of the act of 1870 were not complied with.

We were of opinion that this contention was not well founded, and directed a peremptory nonsuit. At the trial, and also upon the argument of the motion to take off the nonsuit, plaintiff, in support of his first contention, relied mainly upon Deford v. Reynolds, 36 Pa. 325. That case, however, does not in our opinion, rule this. There the person held liable for firm debts had been an active member of the partnership, and upon severing his connection with the firm, failed to give notice of his withdrawal to the plaintiffs who had dealt with the firm. Here we have no such circumstances. Neither Murray nor Hostetter was a copartner with Patrick; they were his creditors, if the act of 1870 was complied with. They did not participate in the business, neither did they hold themselves out as partners. In the case of Deford v. Reynolds, as we understand the opinion of Judge STRONG, Reynolds was held liable, not because he and McCulloh did business as McCulloh & Company, but because he, having been a copartner with McCulloh, failed to give notice of his withdrawal from the firm. We have in mind several well known and long established business houses in this city, which are respectively owned and managed by a single individual, who does business with the words " and Company " following the owner's name. To hold that persons loaning money to individuals carrying on business in that manner to be general partners, would be to deprive those persons of the benefit of the act of 1870. This we do not think the act was intended to do.

The claim of failure to comply with the requirements of the act of April 6, 1870, we think has not been shown. That act makes it "lawful for any person or persons to loan money to any individual, firm, association or corporation doing business in this commonwealth upon agreement to receive a share of the profits of such business as compensation for the use of the money so loaned, in lieu of interest," without becoming liable as a copartner, provided the agreement is in writing, and the lender does not hold himself out as a general partner, so as to induce credit to be given to the person to whom the loan is made. In this case the agreement was strictly in conformity with the act; it was in writing, and provided that the share of profits to be received by the lenders should be in lieu of interest; and there is not a particle of evidence to show that

either Murray or Hostetter held himself out to be a general partner with Patrick. It seems clear to us that both Murray and Hostetter did just what the act of 1870 authorized them to do, and in the manner provided by its provisions. They are, therefore, entitled to its protection.

And now, May 19, 1903, the motion to take off the nonsuit is refused.

*Error assigned* was the order of the court.

*S. S. Mehard*, with him *W. A. Challener*, for appellant.

*Johns McCleave*, with him *Frederick C. Perkins* and *John S. Wendt*, for appellee, were not heard.

PER CURIAM, November 9, 1903 :

The decree of the court below on motion to take off the compulsory nonsuit directed to be entered at the trial, is fully sustained by the opinion of the trial judge filed.

There would be but little of substance left in the act of April 6, 1870, if on the meagre evidence of plaintiff he was permitted to recover against the special partners.

All the assignments of error are overruled and the judgment is affirmed.